

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. T. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion Number O-5243
Re: Detachment of territory
from county line school
district.

We have received your letter of recent date from which we quote the following:

"Will you please give me an early ruling on this matter? Prairie Common School District No. 42 in Mills County, Texas has an area of 24.7 square miles. This district lies in three counties: Mills, Comanche, and Brown. Approximately two thirds of this district is in Mills County. Mills County has jurisdiction over the Prairie school.

"Prairie is a consolidated County-line school district. It has a board of trustees of seven members. Two consolidations have taken place. On August 24, 1917 Fisher district and Prairie District were consolidated, and on June 7, 1924 Democrat district and Prairie district were consolidated, forming the present district.

"The valuation of the district at the present time is $167,385.00. The scholastic population for 1943-44 is 67 scholastics. The tax rate is $1.00.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. T. Pribble, page #2

There is no bonded indebtedness against the district. The district maintains an accredited rural elementary school. This District maintains its own school bus for transporting pupils who live more than 2½ miles from the Prairie school to that school. High school pupils are transported by bus to neighboring high schools.

"No elections to raise or lower the tax rate, to authorize bonds, or to make any move involving consolidation have been held for several years.

"Please answer these questions:

"1. Does the Mills County Board of County Trustees (with the approval of the County Boards of Comanche and Brown Counties) have the legal right to detach a part of the territory now belonging to the Prairie district and to annex this same part to Priddy Common Consolidated school district #14, Mills County (The Priddy district is an accredited 4 year high school, and the part of Prairie district which would be involved is adjacent to and joins Priddy district) and to detach the remainder of the Prairie district and annex it to the Zephyr Independent district of Brown County which has a four year affiliated high school and is adjacent to and joins the Prairie district?

"2. What, in the nature of a petition, would be necessary before the several County Boards of Education may consider the proposed consolidation?

"3. What jurisdiction, if any, does the board of trustees of the Prairie district have in the proposed consolidation?"

Your questions involve a construction of Section 2 of Article 2742e and Section 1 of Article 2742f, Vernon's Annotated Civil Statutes, which provide respectively as follows:

Honorable A. T. Pribble, page #3

"Sec. 2. That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create Common School Districts, to subdivide districts, and to change boundary lines of any or all Common School Districts legally coming under the jurisdiction of the County Board of School Trustees subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the Common School Districts affected shall be notified to appear before the County Board for a hearing, and after said hearing, or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court. Acts 1929, 41st Leg., 1st C.S., p. 259, ch. 109."

"Sec. 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation

Honorable A. T. Pribble, page #4

by the Board of Trustees of the district to which
the territory is to be added, the county Board of
Trustees shall pass an order transferring the said
territory and redefining the boundaries of the dis-
tricts affected by said transfer, the said order
to be recorded in the Minutes of the County Board
of Trustees. Provided that no school district shall
be reduced to an area of less than nine square miles."

These two Acts were passed by the Legislature at the
same session, and it has been held by our Supreme Court that
where common school districts are concerned, such provisions
must be construed together. See County School Trustees of
Orange County et al. v. District Trustees of Prairie View Com-
mon School District No. 8, 153 S. W. (2d) 434; Board of School
Trustees of Young County v. Bullock Common School District No.
12, 55 S. W. (2d) 538.

The case of County School Trustees of Runnels County
et al. v. State et al., 95 S. W. (2d) 1001, involved the ques-
tion of the authority of the County School Board of Runnels
County to detach from a consolidated county line independent
school district, lying in Runnels and Coleman Counties, cer-
tain territory lying in Runnels County and attach the same to
a common school district situated wholly within Runnels County.
The court held that this could not be done without the consent
of the Coleman County school board. We quote the following
excerpts from the opinion of the court:

"It is fundamental that the county trustees
of one county cannot alone create a district com-
posed of territory lying in two counties; and as
a practical matter it would follow that where a
county line consolidated independent school dis-
trict has been created by the joint action of
both counties, it necessarily follows that that
district cannot be abolished or changed except
by the consent of the county school trustees of
each county having territory contained therein.
* * *"

Honorable A. T. Pribble, page #5

"* * *; and we are clear in the view that
article 2742f does not permit the county trus-
tees of one county to detach any portion of the
territory of a county line school district and
attach the same to another district, without
the consent and concurrent action of the trus-
tees of each county having territory in the
county line district. To permit such would
cause interminable confusion and would permit
one party to the consolidation agreement to
destroy that agreement, or seriously affect it
without the concurrence or consent of the other
party to such agreement."

"* * * manifestly the county school trustees
of one county cannot change the boundaries of
such county line district without the consent of
the school trustees of the other county involved."

The situation under consideration is more complicated
than the Runnels County case for, here, three counties are in-
volved instead of two, and it is sought to divide the county
line district into two parts and attach one part to a school
district situated wholly within one county and attach the sec-
ond part to another school district lying wholly within another
county. Be that as it may, the principle announced in the Run-
nels County case is clearly applicable; namely, before a county
line school district may be altered or changed, the action of
the county board of each of the counties in which the county
line district lies is required.

It is manifest that the jurisdiction of a county board
of one county does not extend to or include a school district
lying wholly within another county. Therefore, each of the
three counties would have to concur in the action proposed in
your letter. Each county board would have to consent to the
alteration of the county line common district. Moreover, the
Mills County Board would be the proper agency to attach the

Honorable A. T. Pribble, page #6

territory to the Priddy district which lies wholly within
Mills County. However, to make such change effective, the
Comanche and Brown Counties Boards would have to consent to
the same. The Brown County Board would be the proper agency
to attach territory to the Zephyr district which lies wholly
within Brown County, but the county boards of the other two
counties would have to concur.

You are, therefore, advised that under Section 2 of
Article 2742e and Section 1 of Article 2742f the following
steps must be taken before the transfer of territory as out-
lined in your letter may be legally effected:

1. The board of trustees of each of the school dis-
tricts to which the transfer is to be made (Priddy and Zephyr)
must by a majority vote approve the transfer.

2. A petition requesting the transfer shall be address-
ed to the Mills County Board giving the metes and bounds of the
territory to be detached from the Prairie district and attached
to the Priddy district. The petition must be signed by a majori-
ty of the qualified voters residing in the territory to be de-
tached and also, if such territory exceeds 10% of the entire
Prairie district (which we assume from your letter to be the
case), by a majority of the trustees of the Prairie district.

3. A similar petition must be addressed to the Brown
County Board giving the metes and bounds of the territory to
be detached from the Prairie district and attached to the Zephyr
district. It must be signed as outlined in the preceding para-
graph.

4. Under Section 2 of Article 2742e, before any change
may be made in the boundary lines of a common school district,
the trustees of the common school districts should be notified
to appear before the county board for a hearing. As the con-
currence of the county board of each county in which a county
line district is situated is necessary to effect a change in
the boundary lines, it is our opinion that the county boards
of Mills, Brown and Comanche Counties, respectively, must

Honorable A. T. Pribble, page #7

notify the trustees of the Prairie district to appear before each of said boards for a hearing, "and after said hearing, or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court."  In other words, after the hearing before each county board, or the date set for the hearing, each of said boards if it determines that such action is reasonable may order the transfer and consent to the same.

It may be contended that the part of Section 1 of Article 2742f which reads that "Provided that no school district shall be reduced to an area of less than nine square miles" would prohibit the transfer under consideration. We do not think that this is true, for two reasons: (1) No district is reduced to an area of less than nine square miles because the Prairie district as such will exist no more, and both the Zephyr and the Priddy districts will each be in excess of nine square miles; (2) Article 2742e contains no such limitation. Article 2742f applies to all school districts whereas Article 2742e applies only to common school districts. Therefore, where common school districts are concerned and there is a conflict between the terms of Article 2742e and Article 2742f, the provisions of Article 2742e would prevail. However, we think in this instance, as we have mentioned in #(1), that there is no conflict.

Although we have not answered your questions in the order in which they were asked, we trust that they are sufficiently answered in the enumerated paragraphs.

APPROVED MAY 4, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

GWS-

o.R.
C.C.R.